GIDMEJR, J.,
thought the court below erred in matter of form, for which he was unwilling to reverse the decree, as a correct result had been obtained, and concurred generally in the opinion of RINDD, P.
^THOMPSON, J.
That the deed of Whiting and wife of the 7th of October, 1839, was wholly inoperative and a nullity, so far as it purported to convey Mrs. Whiting’s reversionary interest in the personal estate to which she was entitled under the will of her father after the- death of her mother, seems to me to be too clear for discussion. Upon the reasoning and the authorities cited by the appellant’s counsel, its inefScacy is placed beyond the reach of doubt or cavil. If, then, before the filing of her answer her reversionary rights in the personalty .were unaffected by the deed, did her answer, filed when she was sui juris, operate by way of confirmation or ratification to render the deed valid and effectual in law, to bind and pass her rights in the personalty theretofore unaffected by the deed? Are we at liberty to give to her answer any other meaning or effect than a consent to the appointment of a new trustee, in the room and stead of the deceased trustee, to execute the trust?' And if we must, in virtue of the proviso of her answer, are we not inevitably driven to the conclusion, that this lady, without any consideration, either new or old, in gross and palpable ignorance of her legal rights, made a mistaken admission, the effect of which, if she is to be bound by it, is to divest her of her rights? The first decree rendered on the 2d' November, 1843, and which was treated by the court that rendered it as interlocutory, did not directly and necessarily compromit the rights of Mrs. Whiting, afterwards the Wife and now the widow of Wm. Nelson. But the subsequent decree of the 1st November, 1844, treated by the court as a final decree, based upon the first as interlocutory, did directly invade the plaintiff’s rights, by confirming the sale of the personalty not effectually conveyed by the deed, and directing payment of the proceeds to the plaintiffs, who were the creditors in the trust deed. The bill of review, filed in this cause on the 30th October, 1847, had for its object the re-viewal and reversal of these two decrees. The defendants Mid not, . according to the regular practice, plead the decrees and demur to the opening of the enrollment, but filed a simple demurrer to the bill, and the court, upon that' demurrer, on the 30th April, 1849, expressed the opinion, that the decree of the 2d November, 1843, was final, and that therefore no relief against the same could be granted in this cause, and that the decree of 1st November, 1844, was erroneous, and adjudged that the said decretal order of the 1st November, 1844, be set aside and annulled, leaving the decree of the 2d November, 1843, in full force. We are left to conjecture the reasons of the court for declining to disturb the first, and for setting aside and annulling the last. The finality of the first decree, the reason assigned by the court for refusing to review it, cannot be the true one, because none but a final decree can be reviewed. The court must have meant that the lapse of time, more than three years from the date of the decree to the filing of the bill, precluded the bill of review, although the statute of limitations was not pleaded, and the court must have regarded the last decree as a nullity, because the first was in its opinion final. I consider it a question of doubt whether upon its face and by its terms the first de *783 cree was final. It was just such a case that either the one or the other would have been proper, accordingly as the court might elect to make it the one or the other. The court that made it, considered it interlocutory, and based upon it its final decree. This last decree made a resort to the bill of review necessary to get that out of the way. The bill characterizes the first as an interlocutory, and the last as the final decree. The defendants did not plead the decrees and demur to opening the enrollment, but relied upon a demurrer to the bill, unaccompanied bj- a plea of the record of the decrees. Yet the court, whilst conceding the party entitled to the relief of having the last decree, the one most prejudicial to her interests, and confessedly final, declared null and void, nevertheless sustained the demurrer to the bill as to the *first decree, the one least prejudicial to her interests, and one which the court, rendering both decrees, considered and treated as interlocutory. It is to me a singular proceeding that a demurrer to the whole bill of review impeaching two decrees, one alleged to be interlocutory, and the other final, should be sustained, and in the same breath relief given against the last and final decree, by declaring it null and void. Was the last decree declared null and void upon its merits, and because it conferred rights on' the plaintiffs in the original bill in derogation of the rights of Mrs. Nelson, not conferred by the first decree, or was it nullified because though conforming to the rights of the parties declared by the first decree, it was merely supererogatory and unauthorized in consequence of the first being a final decree? There is something in the language of the court that would seem to justify the inference that the court reversed it upon its merits as derogating from the rights of Mrs. Nelson under the first decree, and that whilst she was entitled to no relief against the first decree, because final, in the proceeding by bill of review, yet that she might be in some other form of proceeding. It seems to me, whether the first decree were final or interlocutory, if interpreted to mean anything more than the appointment of a new trustee, she was entitled to be relieved against it by this proceeding, which is both a bill of review and supplement — for the court having given to it the efScacy of a bill of review to reverse and annul the last decree, the plaintiff was thereupon entitled to the relief of having what was done under the reversed decree undone and things placed in statu quo. And this necessarily involved the (true construction of the first decree' — ■ the extent to which it affected the plaintiff’s rights whether final or interlocutory— and this question should have been adjudicated upon answer instead of demurrer to the bill of review.
If it could be made to appear by allegation and proof in the answer and evidence, that Mrs. Nelson, with full *knowledge of her rights under the trust deed,'even without consideration, and much more, if with some consideration new or old, intended to, and did by her answer, surrender her rights, then the decree ought not to be disturbed; otherwise, it should have been set aside, reversed and annulled.
I am, therefore, of opinion that the decree of the court below is erroneous in sustaining the demurrer to the bill of review, or so much thereof as sought to review and reverse the first decree, and that, instead of sustaining, the court ought to have overruled the demurrer, and required the defendants to answer the bill. .
CLOPTON, J., concurred with THOMPSON, J.
Decree affirmed by a divided court.